**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF VIRGINIA**
**Norfolk Division**

**DARRIUS A. HEUSER-WHITAKER,**

      **Petitioner,**

**v.**                              **Docket No. 2:18-cr-177-004**
                                          **The Hon. Raymond A. Jackson**

**UNITED STATES OF AMERICA,**

      **Respondent.**

**REPLY IN SUPPORT OF**
**MOTION FOR COMPASSIONATE RELEASE**

      Darrius A. Heuser-Whitaker, by and through counsel, has requested an order reducing his sentence under 18 U.S.C. § 3582(c)(1)(A)(i) based on his rehabilitation and the significant relationship between his youth and his offense conduct. ECF No. 762. The government's opposition focuses on the severity of the offense conduct as a reason to deny Mr. Heuser-Whitaker's request. ECF No. 766. The government additionally dismisses Mr. Heuser-Whitaker's rehabilitation as inadequate to warrant a sentence reduction, and it contends his youth was already accounted for in his sentence. *Id.*

      The government's response merits pushback on several grounds. Separately, Mr. Heuser-Whitaker submits additional exhibits, comprising a support letter from a BOP employee (Exhibit 3) and documentation of some of Mr. Heuser-Whitaker's difficulties pursuing medical care (Exhibit 4). Both were shared with the government prior to the government filing its opposition.

**I.**      **Those who know Mr. Heuser-Whitaker recognize his drive and work ethic.**

      Mr. Heuser-Whitaker submits a letter of support from a BOP employee at FCI Gilmer. Exh. 3. This person has known Mr. Heuser-Whitaker since he arrived at the facility and describes

1

his observations of Mr. Heuser-Whitaker's "excellent work ethic." *Id.* He notes that Mr. Heuser-Whitaker has held multiple jobs in recreation and "has always gone above and beyond helping other inmates[,]" including by offering them emotional support. *Id.* As a result, Mr. Heuser-Whitaker has always received "outstanding" work evaluations and "is a highly respected inmate at FCI Gilmer." *Id.* Notably, the employee further states that Mr. Heuser-Whitaker "has been a valuable asset" to staff "by helping [defuse] situations that arise through his effective communication skills" and the respect he has earned from other inmates. *Id.*

Based on these observations, the employee believes that Mr. Heuser-Whitaker "will adapt and will have a successful reentry back into society" and will excel as he has in his work at the facility. *Id.* This letter lends further support to Mr. Heuser-Whitaker's rehabilitation arguments.

## II.    The government misunderstands the compassionate release standard and Mr. Heuser-Whitaker's arguments.

As an initial matter, the government's arguments suggest some confusion about the analytic framework courts use when ruling on sentence-reduction requests. That confusion seems to have caused the government to misread Mr. Heuser-Whitaker's arguments and misidentify the specific extraordinary and compelling circumstances he asserts as grounds for a sentence reduction.

While the government professes agreement with the legal standard set forth by the Court in *Beal v. United States*, No. 4:23-cr-64, 2025 L 3516862 (E.D. Va. Dec. 8, 2025), it nonetheless collapses the two-step analysis. *See United States v. Moody*, 115 F.4th 304, 310 (4th Cir. 2024) (explaining that courts review compassionate release motions in two steps and discussing each step of the analysis). That is, the government argues that each of the sentencing factors discussed by Mr. Heuser-Whitaker in his motion is "neither compelling nor extraordinary." ECF No. 766, at 6–8.

Mr. Heuser-Whitaker does not argue otherwise. The two extraordinary and compelling circumstances identified in his motion are his rehabilitation and his youth at the time of the offense. ECF No. 762, at 5–10. While both circumstances also matter during the second step of the analysis, during which the Court considers all the relevant sentencing factors and determines whether a sentence reduction is warranted, it is not appropriate to "collapse[] the threshold 'extraordinary and compelling reasons' inquiry into [] consideration of the 18 U.S.C. § 3553(a) factors." *United States v. Osman*, No. 23-6544, 2024 WL 3633573, at *3 (4th Cir. Aug. 2, 2024).

### III.    The government's claims about Mr. Heuser-Whitaker's dangerousness ignores his post-sentencing conduct.

The government opens its brief with a stunning assertion: "reducing Defendant's sentence will result in imminent harm to innocent people in the Eastern District of Virginia." ECF No. 766, at 1. Rarely does the government make such a bold pronouncement. Surely, one expects, there must be some incontrovertible substantiation behind the claim. Does the government have jail calls about a planned attack? Has it uncovered some plan for future robberies? Is there a person who credibly claims Mr. Heuser-Whitaker has threatened harm to them upon his release?

No, it turns out, none of the above. The government's "resounding position" that Mr. Heuser-Whitaker's release would *imminently endanger innocents* seems premised entirely on conduct that occurred before his sentencing in 2019, more than six years ago. While the government notes in passing a handful of disciplinary infractions that Mr. Heuser-Whitaker preemptively flagged, *see* ECF No. 766, at 3, none can support the government's claims about an imminent danger to persons in this district.

Of course, Mr. Heuser-Whitaker does not seek to downplay the seriousness of his offense conduct, including conduct that took place after his arrest but before his sentencing. Certainly, he does not seek a sentence reduction "because he never pulled the trigger[,]" as the government

mistakenly suggests. ECF No. 766, at 8. The Court must consider the circumstances of the offense, aggravating and mitigating, alongside the other relevant sentencing factors in deciding how much to reduce Mr. Heuser-Whitaker's sentence (if the Court concludes a sentence reduction is permissible). *See* ECF No. 762, at 2–3, 13. However, any time a court reweighs the sentencing factors, it must consider the person that stands before it today and not just the person it previously sentenced. *United States v. Johnson*, No. 1:97-cr-314, 2023 WL 5049267, at *8 (E.D. Va. Aug. 8, 2023) (noting "in evaluating the § 3553(a) factors, the Court is to consider 'the most up-to-date picture' of [the defendant]—*i.e.*, how he appears at the time of resentencing—not as [he] was when he was sentenced a quarter-century ago") (quoting *Pepper v. United States*, 562 U.S. 476, 492 (2011)).

### IV.     The government cannot defend the general deterrence rationale.

Finally, the government criticizes the scholarly support Mr. Heuser-Whitaker has provided for his arguments against the general deterrence rationale some courts rely on in imposing sentences. ECF No. 766, at 10. But rather than offer support for the general deterrence rationale, the government instead notes the age of the cited articles and suggests they do not specifically support "the diminishing value *vel non* of general deterrence after a defendant has been incarcerated for several years[.]" *Id.* Certainly, the articles were not published yesterday, but they continue to reflect the prevailing view that general deterrence is served, if at all, by catching criminals and not by sentencing them more harshly. Indeed, the government does not dispute that the articles support broader criticism of general deterrence theory, and it does not offer any basis for the Court to conclude that maintaining versus reducing this particular sentence has any appreciable general deterrence utility. While 18 U.S.C. § 3553(a)(2)(B) requires the Court to

consider "adequate deterrence" as a purpose of sentencing, consideration does not mandate any particular weight be assigned to the factor.

## CONCLUSION

The Court should reduce Mr. Heuser-Whitaker's sentence to 120 months' imprisonment, or by any appropriate amount.

Respectfully submitted,

DARRIUS A. HEUSER-WHITAKER

_____/s/_____
Sean C. Mitchell
VSB No. 90922
Assistant Federal Public Defender
Attorney for Darrius A. Heuser-Whitaker
Office of the Federal Public Defender
500 E. Main Street, Suite 500
Norfolk, Virginia 23510
Telephone: 757-457-0845
Telefax: 757-457-0880
sean_mitchell@fd.org